**In re TECHNICAL MARINE MAINTE-
NANCE CO., Inc.**

**Appeal of TOWNSHIP OF NORTH
BERGEN, HUDSON COUNTY.**

No. 9206.

United States Court of Appeals
Third Circuit.

Argued Oct. 25, 1946.

Decided March 24, 1947.

See also, 3 Cir., 169 F.2d 548.

Nicholas S. Schloeder, Union City. N. J.,
for appellant.

Eugene D. Powers, New York City.
(Robert L. London, of New York City, on
the brief), for appellee.

Before BIGGS, ALBERT LEE STE-
PHENS and KALODNER, Circuit Judges.

PER CURIAM.

A painstaking examination of the appendices and the transcript of the record on appeal in the instant case demonstrates their inadequacy. For example, there is not included either in the appendices or in the record itself a copy of the lease executed by Township of North Bergen in the County of Hudson, the appellant, to Technical Marine Maintenance Co., Inc., the debtor; nor is there included therein any document or testimony which would demonstrate the nature of the connection, if any, between the debtor and Allied Ship Terminals, Inc. From colloquy we may gather that there are tax claims, wage claims and general claims filed in the case at bar but there is nothing in the record which would inform us with certainty either as to their amounts or their disposition. We may gather also that while the debtor has claims against the United States, the United States also has claims sounding in tort against the debtor. In short, what we have before us is but a small part of a large picture. Whether or not the court below was entitled to void the Chapter X proceedings *ab initio* and to make those portions of the order of July 22, 1946 presently complained of cannot be determined on this truncated record.

This complex matter is further complicated by the fact that there is pending in this court an appeal, In re Technical Marine Maintenance Co., 3 Cir., 169 F.2d 548, at our No. 9170, taken by the trustees of the debtor from the order of the court below of April 24, 1945. That order directed the trustees to turn over to the appellant Township the water-front property which constitutes a prime asset of the debtor. That order may have been abrogated by the provisions of the order of July 22, 1946 complained of. The question of the power of the court below to make the order of July 22, 1946 in view of the appeal pending at our No. 9170 must be determined. We cannot adjudicate this

question lacking an adequate record in the appeal at No. 9170. A joint record will serve both appeals. The parties in the appeal at our No. 9170 and in the appeal at bar are the same.

We will order rehearing of the appeal at bar. We will also direct that the two appeals be consolidated for hearing, and the district court will be directed to certify to this court all of the original pleadings, papers, documents, claims and orders filed in the proceeding. The trustees and the debtor will be directed to print in a joint appendix for the consolidated appeals all pertinent pleadings, papers, documents and orders, not heretofore printed in the appendices filed by the parties in the instant appeal, claims excepted. To the end that the trustees may proceed as indicated, the fifth paragraph of the order of July 22, 1946 of the district court will be vacated.